UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

February 10, 2025

MEMORANDUM TO PARTIES RE:   Jones v. FCA US LLC et al.
Civil Action No. GLR-23-1581

Dear Parties:

Pending before the Court is self-represented Plaintiff Rodney Jones' Motion for Appointment of Counsel (ECF No. 44) and Motion to Amend the Second Amended Complaint (ECF No. 45).[1] The Court finds no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons set forth below, the Court will deny Jones' Motion for Appointment of Counsel (ECF No. 44) and grant the Motion to Amend the Second Amended Complaint (ECF No. 45).

Turning first to the Motion for Appointment of Counsel, the Court finds that the circumstances are not sufficiently exceptional to warrant appointing counsel. Jones has not filed an application to proceed in formal pauperis. But even if he had, the Court would have discretion—and sufficient reason—to deny Jones' Motion. Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968) ("This statute [28 U.S.C. § 1915(d)] is merely descriptive of the court's inherent power, and makes such request discretionary on the part of the court but does not grant a statutory right to an individual to have counsel appointed in a civil action."); Cooper v. Warden, No. 06-2064, 2007 WL 9724827, at *1 (D.Md. May 8, 2007) ("A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances."). Appointment of counsel in civil actions "should be allowed only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). This case is not exceptional: it is a typical defective design tort case. Jones alleges that Defendants FCA US LLC and Kody Domestic II, Inc. (collectively "Defendants") knew of a flaw in their product and marketed the product to Jones anyway without disclosing the flaw. (Compl. ¶¶ 1–11, ECF No. 1). According to Jones, Defendants misrepresented the product's fitness to be sold, Jones relied on Defendants' misrepresentations and bought the product, and the product's flaw damaged Jones. (Id.).

---

[1] Also pending is Defendant Kody Domestic II, Inc.'s ("Kody") Motion to Dismiss (ECF No. 36). Because the Court is granting Jones' Motion to Amend the Second Amended Complaint in this Opinion, Kody's prior Motion to Dismiss will be denied as moot. See Due Forni LLC v. Euro Rest. Solutions, Inc., No. PWG-13-3861, 2014 WL 5797785, at *2 (D.Md. Nov. 6, 2014) (finding that an amended complaint generally moots a pending motion to dismiss the original complaint because the original complaint is superseded).

Further, as far as the Court can tell, Jones is solvent enough to hire counsel. Jones purchased a new truck for $80,000; he owns a business that, he alleges, suffered a loss of actual income of $56,372; and he filed his Complaint without applying to proceed in forma pauperis, paying the $402 filing fee. (3d Am. Compl. ¶¶ 4, 33 ECF 45-2). The Court, then, sees no reason to appoint counsel given the facts before it.

The Court will, however, grant Jones' Motion to Amend (ECF No. 45).

> "Under Rule 15 of the Federal Rules of Civil Procedure, a 'court should freely give leave [to amend] when justice so requires.' Fed.R.Civ.P.15(a)(2). Although such motions should be granted liberally, a district court may deny leave if amending the complaint would be futile—that is, 'if the proposed amended complaint fails to satisfy the requirements of the federal rules.'"

U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008) (quoting U.S. ex rel. Fowler v. Caremark RX, LLC, 496 F.3d 730, 740 (7th Cir. 2007)).

Granting Jones' Motion to Amend would not be futile because Jones now alleges material details to support his allegations. (Compare 3d Am. Compl. ¶¶ 58–76, ECF No. 45-2, with 2d Am. Compl. ¶¶ 84–89, ECF No. 35). Those details provide particularity that may sufficiently bolster his fraud allegations to withstand Rule 9(b)'s heightened pleading requirement. For example, in the Second Amended Complaint, Jones never said where he was when Kody Domestic II, Inc. ("Kody") made the allegedly fraudulent statement at issue. (2d Am. Compl. ¶ 84). Nor did Jones describe the person who made the statement or what Kody knew before making that statement. (Id. ¶¶ 84–89). Each of these particulars (and more) are detailed in Jones' proposed Third Amended Complaint. (3d Am. Compl. ¶¶ 58–76). The Court must "freely give leave to amend when justice so requires." Fed.R.Civ.P. 15(a)(2). Jones' Third Amended Complaint is materially improved, and the Court will grant leave to amend.

For the foregoing reasons, Jones' Motion for Appointment of Counsel (ECF No. 44) is DENIED, and Jones' Motion to Amend the Second Amended Complaint (ECF No. 45) is GRANTED. Defendant Kody's Motion to Dismiss (ECF No. 36) is DENIED as moot. The Clerk is directed to MAIL a copy of this Order to Jones. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

_____/s/_____
George L. Russell, III
Chief United States District Judge